# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**STEVE A. DOLIN,**
**Claimant Below, Petitioner**

**FILED**
**July 1, 2024**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-21** (JCN: 2015013891)

**RAMSEY TIRE, INC. d/b/a TIC TOC TIRE SOUTH,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Steve A. Dolin appeals the December 20, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent Ramsey Tire, Inc. d/b/a Tic Toc Tire South ("Ramsey") filed a response.[1] Mr. Dolin did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which granted no additional permanent partial disability ("PPD") award beyond the 17% PPD award that had already been granted.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On October 9, 2014, while working for Ramsey, Mr. Dolin sustained an injury to his thoracic and lumbar spine when he was lifting a large tire. On November 12, 2014, the claim administrator issued an order holding the claim compensable for sprain of upper and lower back. The Office of Judges ("OOJ") issued a decision dated May 16, 2016, adding thoracic or lumbosacral neuritis or radiculitis, an unspecified displacement of intervertebral disc, and displacement of intervertebral disc without myelopathy as compensable conditions in the claim.

Mr. Dolin was evaluated by Prasadarao Mukkamala, M.D., on June 9, 2016. Dr. Mukkamala found that Mr. Dolin had reached maximum medical improvement ("MMI") for his compensable injury but opined that he should continue a home exercise program. Using the American Medical Association's *Guides to the Evaluation of Permanent*

---

[1] Mr. Dolin is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. Ramsey is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

1

*Impairment* (4th ed. 1993) ("*Guides*"), Dr. Mukkamala found 0% impairment for the thoracic spine, 4% whole person impairment ("WPI") for loss of range of motion of lumbar spine, and 7% WPI from Table 75 of the *Guides* for disc displacement. Using the Combined Values Chart, Dr. Mukkamala found a total of 11% WPI, which he adjusted to 8% pursuant to West Virginia Code of State Rules § 85-20 ("Rule 20") Table § 85-20-C Lumbar Category II. On July 12, 2016, the claim administrator issued an order granting Mr. Dolin an 8% PPD award based on Dr. Mukkamala's report.

On May 1, 2017, Mr. Dolin was evaluated by Robert Walker, M.D. Using the *Guides* and Rule 20, Dr. Walker found that Mr. Dolin had 16% WPI for the lumbar spine and 4% WPI for radiculopathy. Due to Mr. Dolin's herniated disc with radiculopathy, Dr. Walker placed him in Lumbar Category III of Table § 85-20-C and adjusted the total WPI to the maximum of 13%. Joseph Grady, M.D., evaluated Mr. Dolin on July 11, 2017, and opined that he had reached MMI for his compensable injuries. Using the *Guides* and Rule 20, Dr. Grady found 0% impairment for the thoracic spine. For the lumbar spine, Dr. Grady found 7% WPI to the lumbar spine under Table 75 of the *Guides* and 2% impairment for sensory abnormalities, but he found no range of motion impairment. Dr. Grady placed Mr. Dolin in Lumbar Category III of Table § 85-20-C and adjusted the rating to 10% WPI. On December 29, 2017, the OOJ issued an order granting Mr. Dolin a 13% PPD award based on Dr. Walker's assessment of the lumbar spine aspect of the injury.

On March 15, 2021, Mr. Dolin was evaluated by Bruce Guberman, M.D. Dr. Guberman found 7% impairment under Table 75 and 11% impairment for range of motion abnormalities in the lumbar spine, for a combined total of 18% impairment. Dr. Guberman placed Mr. Dolin in Lumbar Category III of Table § 85-20-C and adjusted the total WPI to 13%. Dr. Guberman found 2% impairment for the thoracic spine under Table 75 and 2% for range of motion deficits. Dr. Guberman opined that Mr. Dolin would fall under Thoracic Category II of Table § 85-20-D and adjusted the total thoracic rating to 5% impairment for an overall total of 17% WPI. Dr. Guberman noted that Mr. Dolin continues to have pain in his thoracic spine, most severe below his shoulder blades, and that it is constant and radiates across his back. Dr. Guberman further noted that Mr. Dolin reported numbness and tingling in the left subscapular area, and that he had to cease working following his compensable injury.

Mr. Dolin requested a reopening of his claim for additional PPD.[2] Syam Stoll, M.D., completed a record review dated April 27, 2021, and opined that Mr. Dolin's request for reopening the claim for additional components was not necessary. By order dated April 29, 2021, the claim administrator denied reopening the claim based on Dr. Stoll's opinion. On November 29, 2021, the OOJ issued a decision reversing the claim administrator's denial of reopening and remanding the claim to the claim administrator to consider additional PPD for the compensable injury.

---

[2] It is not clear from the record when Mr. Dolin requested a reopening of his claim.

On February 2, 2022, Mr. Dolin was evaluated by David Soulsby, M.D., for only the thoracic injury. Using the *Guides* and Rule 20, Dr. Soulsby found a total of 5% WPI for the thoracic injury. Combined with the prior 13% PPD awarded, Dr. Soulsby found a total of 17% WPI. On August 12, 2022, the claim administrator issued an order granting Mr. Dolin an additional 4% PPD based on Dr. Soulsby's assessment. Mr. Dolin protested this order.

Michael Kominsky, D.C., evaluated Mr. Dolin on April 6, 2023. Dr. Kominsky found Mr. Dolin to have 19% WPI for his lumbar spine but placed him in Lumbar Category III and adjusted the rating to 13% WPI. For the thoracic spine, Dr. Kominsky found 2% WPI under Table 75 and 6% impairment for abnormal range of motion, for a total of 8% WPI. Dr. Kominsky combined the lumbar and thoracic ratings for a total of 20% WPI related to the compensable injury.

By order dated December 20, 2023, the Board affirmed the claim administrator's order. The Board found that Mr. Dolin failed to establish that he was entitled to more than the 17% PPD he has been awarded. Mr. Dolin now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Mr. Dolin argues that the Board failed to acknowledge evidence that he continues to have symptoms of pain in his mid-back and that his condition has progressed. Mr. Dolin further argues that Dr. Kominsky's report is the most recent and the evaluation was properly conducted, thus, if the Board found no errors in the reports of the other evaluators,

it should have resolved the matter in his favor pursuant to West Virginia Code § 23-4-1g (2003).[3] We disagree.

Here, the Board determined that Dr. Kominsky's report was an outlier because the range of motion deficit findings for the thoracic spine were significantly higher, at 6%, than those of any other evaluator. The Board noted that the findings of Dr. Soulsby and Dr. Guberman regarding impairment for the thoracic spine range of motion deficits were similar, at 1% and 2% respectively. The Board further found that the opinions of Drs. Soulsby and Guberman were more persuasive. Ultimately, the Board found that, based on the medical evidence, Mr. Dolin failed to establish that he had more than the total of 17% PPD award he has been granted.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Dolin failed to establish that he had more than the total of 17% PPD award that he has been granted based on the medical evidence. Further, contrary to Mr. Dolin's argument, he is not entitled to the matter being resolved in his favor pursuant to West Virginia Code § 23-4-1g, as the Board did not find that the report of Dr. Kominsky was of equal evidentiary weight to the reports of Drs. Soulsby and Guberman. Given the Board's findings, we cannot conclude that it erred in determining that Mr. Dolin was entitled to no more than a 17% PPD award in accordance with the reports of Drs. Soulsby and Guberman.

Accordingly, we affirm the Board's December 20, 2023, order.

Affirmed.

**ISSUED:** July 1, 2024

**CONCURRED IN BY:**
Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating

---

[3] Pursuant to West Virginia Code § 23-4-1g(a), in part, "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted."